# NO. 12-10-00115-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ALEXIUS HORTON,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal from the revocation of Appellant's community supervision is being dismissed for want of jurisdiction.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(2). Appellant did not file a motion for new trial. Sentence was imposed on February 11, 2010. Therefore, Appellant's notice of appeal was due to have been filed on or before March 15, 2010. However, Appellant did not file his notice of appeal until April 14, 2010 and did not file a motion for extension of time to file his notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3. *See* TEX. R. APP. P. 26.3 (appellate court may extend time for filing notice of appeal if, within fifteen days after deadline for filing notice of appeal, appellant files notice of appeal in trial court and motion complying with Texas Rule of Appellate Procedure 10.5(b) in appellate court).

On April 21, 2010, this court notified Appellant that his notice of appeal was untimely and that there was no timely motion for an extension of time to file the notice of appeal as permitted by rule 26.3. Appellant was further informed that the appeal would

1

be dismissed unless, on or before May 3, 2010, the information filed in this appeal was amended to show the jurisdiction of this court. Appellant's counsel responded that after reviewing the controlling law, it appears that this court does not have jurisdiction of this appeal. Accordingly, the appeal is ***dismissed for want of jurisdiction***.

Opinion delivered May 12, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2